UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

LAZERRICK COFFEE,
    Plaintiff,

v.                        12-CV-1416

EDWARD D. LEWIS, et. al.,
    Defendants.

## **OPINION**

Plaintiff has filed another motion for the appointment of *pro bono* counsel. [29]  In considering the Plaintiff's motion, the court asks: "(1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?"  *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993) The Plaintiff has previously demonstrated his attempts to find counsel on his own, therefore the court must determine whether the Plaintiff appears competent to litigate his claim.  As the Seventh Circuit stated in *Pruitt*:

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Pruitt*, 503 F.3d at 655 *(quoted and other cites omitted)*

A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors, though there are no "fixed requirements." *Id.* at 655. "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago v. Walls,* 599 F.3d 749, 762 (7th Cir. 2010), *quoting Pruitt*, 503 F.3d at 656.  The Court cannot require an attorney to accept *pro bono* appointment on a civil case such as this. *Pruitt,* 503 F.3d at 653 (*in forma pauperis statute* "'does not authorize the federal courts to make coercive appointments of counsel.'")(*quoted cite omitted*).

The Plaintiff has two claims alleging Pontiac Correctional Center Defendants either used excessive force against him or failed to intervene to protect the Plaintiff from the assault. *See* October 30, 2012 Text Order.  The Plaintiff's claims are not complex.  Although the Plaintiff claims he has an eighth grade education, he has clearly stated his claims and has actively pursued

his litigation.  For instance, the Plaintiff has provided updated information concerning a Defendant's identity to assist in service of process and he has successfully inquired about the possibility of any recordings of the incident.  The Plaintiff is capable of providing an affidavit or testifying concerning what happened before, during and after the alleged assault.  Through simple discovery, he may obtain copies of any relevant disciplinary reports, grievances and incident reports.  The Plaintiff may also present copies of any requests for medical care or medical records to demonstrate any injuries he received during the incident.

     The Plaintiff is reminded he may utilize many of the discovery methods prescribed in the Federal Rules of Civil Procedure.  The Plaintiff should not file his discovery responses with the court, but should instead send them directly to defense counsel.  For instance, the Plaintiff may submit his written interrogatories for the Defendants to defense counsel. *See* Fed.R.Civ.P. 33.  The Plaintiff may also submit requests for production of documents to defense counsel.  *See* Fed.R.Civ.P. 34.  If the Defendants do not properly respond to the Plaintiff's requests for relevant information, he may then file a motion with the court to compel discovery. *See* Fed.R.Civ.P. 37.

     Accordingly, based on the information available in the record, the Court concludes that Plaintiff appears competent to proceed *pro se*.

IT IS THEREFORE ORDERED that Plaintiff's motion for the appointment of counsel is denied.[29]

Entered this 2nd day of July, 2013.

          **s/Michael M. Mihm**

          MICHAEL M. MIHM
          UNITED STATES DISTRICT JUDGE